[No. 8551.]

JESSEY V. BUTTERFIELD.

1. APPEAL AND ERROR—*Abstract.* Upon question as to what occurred in the court below the court refer to the abstract. (258.)

2. —— *Wrong Reason for a Correct Judgment.* A judgment is not to be questioned because founded on false reasoning. (259.)

3. PLEADINGS—*Motion to Strike Answer,* and for judgment, is proper. (258.)

4. —— *Construed.* The complaint alleged fraud in the sale of certain corporate stock, demanding damages for the failure of defendant to deliver the certificate, a return of what plaintiff had paid, and the cancellation of a promissory note given for a residue of the purchase price. There was no allegation that plaintiff relied on the false representations, or that the contract had been rescinded; no prayer that it be rescinded, and no offer to surrender the stock. Held to state no cause of action. (259, 260.)

5. FRAUD—*Remedies of Injured Party.* The injured party may (1) affirm the contract and sue for damages, or (2) if the right to rescind has not been lost, may rescind, and sue for damages, or to recover what he has parted with, (3) or he may sue in equity, in a proper case, to cancel the contract and recover what he has parted with, demanding other equitable relief. (259.)

6. —— *Action for Fraud—Complaint,* must allege that plaintiff relied upon false statements. An allegation that "upon said false statements he purchased &c.," is not sufficient. (260.)

*Error to Montrose District Court.* Hon. THOMAS J. BLACK, Judge.

*Department.*

Mr. HUGO SELIG, Mr. HENRY A. COX, Messrs. CRUMP & ALLEN, for plaintiff in error.

Mr. CHARLES J. MOYNIHAN and Mr. DAN H. HUGHES, for defendant in error.

Opinion by Mr. Justice TELLER.

The plaintiff in error brought suit against the defendant in error on the ground of fraud in the sale to plaintiff by defendant of stock in the Montrose Fruit and Produce Association.

The complaint alleges that the defendant, for the purpose of inducing plaintiff to purchase fifty shares of said stock, falsely represented to plaintiff that the Capital Stock of said corporation was $10,000, whereas in fact it was $25,000, of which fact plaintiff was ignorant: "That upon said false statements said Jessey purchased fifty shares of

said stock," paid $2,000 in cash therefor and gave to defendant a promissory note for $2,000, the balance of the purchase price; that by reason of the premises plaintiff had been damaged in the sum of $4,000.

Plaintiff prays judgment for $2,000 with interest, and for the cancellation of the promissory note; also for an injunction against the sale of the stock which was held as security for said note.

The defendant answered setting up several defenses in addition to a denial of many of the averments of the complaint.

Upon the coming in of the answer the plaintiff moved to strike out of the answer several of the defenses, and to strike the entire answer. It appears from the supplementary abstract, filed by defendant in error, that the motion was also for judgment on the pleadings.

On the hearing of this motion the court held that the complaint did not state a cause of action, and, the plaintiff electing to stand upon his complaint, the cause was dismissed.

Error is assigned on this action of the court, and it is urged that there was no motion for judgment on the pleadings before the court, and, further, that the complaint states a cause of action; and, that, in any event, failure to state a cause of action is not ground for dismissing a complaint, it being subject to amendment.

As to the first objection it is sufficient to say that the abstract of record shows that the motion asks that "plaintiff have judgment for such sum as he shall establish by requisite proof."

That a motion to strike out the answer and at the same time ask for judgment is proper, is directly held in *Steinhauer v. Colmar*, 11 Colo. App. 494. The motion assumed the existence of conditions which would justify the entry of a judgment, the amount for which it was to be entered

being determined from evidence, and the party asking the motion cannot now consistently object to the entry of a judgment.

Plaintiff's motion for judgment could not be sustained unless the complaint stated a cause of action. The court was, therefore, required to determine whether or not the complaint was sufficient. *The People ex rel v. Brown*, 23 Colo. 425, 68 Pac. 661. The court found that the complaint did not state a cause of action, and we must assume that the dismissal of the suit was due to the fact that plaintiff declined to amend, electing to stand on his complaint. There was, therefore, no error in the order, unless the court erred in holding the complaint insufficient. If the complaint is bad, it is immaterial whether or not the court pointed out the real defects in it, since a ruling may be correct though not based on good grounds.

It is somewhat difficult to determine what was the cause of action intended to be set out in the complaint.

The rule is that where the execution of a contract has been brought about by fraud, the wronged party has an election of remedies: (1), he may affirm the contract and sue for damages; (2), where the right to rescind has not been lost, he may rescind and sue for damages, or to recover money paid or property transferred in pursuance of the contract; (3), he may sue in equity, in a proper case, to cancel or rescind the contract, and to recover that with which he has parted, and for other equitable relief. 9 Cyc. 432.

The complaint in this case does not indicate an intention on the part of the pleader to adopt any one of these remedies. It is, however, clearly intended as a suit in equity, since an injunction and a cancellation of the note is sought, but there is an allegation of damages to the plaintiff, "by reason of the foregoing" matters, which include an alleged failure on the part of the defendant to deliver the stock purchased.

Plaintiff could recover damages on that ground only in case he affirmed the contract, and his claim for such damages is in conflict with his prayer for a return of the $2,000 paid, and the cancellation of his promissory note. There is no allegation that plaintiff has rescinded the contract, no prayer that it be rescinded, and no offer to restore to defendant the title to the stock.

On the face of the complaint plaintiff is seeking to recover the amount he paid to defendant, and have the note cancelled, leaving the stock certificate in the hands of the defendant with the ownership of it in plaintiff.

It is elementary that a decree cancelling a contract for fraud or misrepresentation will not be entered unless the parties can be placed substantially in *statu quo;* and the complaint in such a case must ordinarily allege a return, or an offer to return whatever the plaintiff received under the contract.

Fraud is never presumed, and a contract should not be adjudged void for fraud, unless the allegations and proofs of fraud are clear and convincing.

It is therefore held that the complaint must allege that the plaintiff relied upon the false statements, and was induced by them to enter into the contract. One may believe the statements of another, and yet not be induced by them to act in a certain way. The allegation in the complaint, as abstracted, is "that upon said false statements said Jessey purchased the fifty shares of said stock." This is far from an allegation that he relied on the statements and was thereby induced to purchase the stock.

It may be conceded that the language used might justify the inference that plaintiff made the purchase because of the statements, but it is not a necessary inference. The language fails to meet the requirements laid down by this court in *Kilpatrick v. Miller,* 55 Colo. 419, 135 Pac. 780, that "the facts upon which the action is based should be pleaded in positive and precise language."

There was no error in the holding that the complaint did not state a cause of action, or in the dismissing of the cause when the plaintiff declined to amend his complaint.

The complaint being insufficient, the granting of the injunction was error.

For these reasons the judgment is affirmed.

*Judgment affirmed.*

Chief Justice GABBERT and Mr. Justice HILL concur.

Decided March 6, A. D. 1916. Rehearing denied May 1, A. D. 1916.