## No. 9434.

### ABDUN-NUR *v.* VALDEZ.

1. PLEADING—*Want of consideration.* Where defendant, in an action upon contract, would plead want of consideration he must set up the facts from which this conclusion is to be drawn, so as to advise the plaintiff what he will be called upon to meet by way of evidence. *Welles v. Colorado Company* 49 Colo. 508 followed.

2. ——*Plea construed.* Action by physician upon a promissory note bearing the signature of defendant. Plea that "if ever signed by defendant it was when defendant was in such feeble mental condition that he was unaware of what he was doing, and such note was based on no consideration."

*Held* that plaintiff was not thereby advised that defendant would prove an agreement that a sum paid by defendant should cover all treatments past and future, nor that plaintiff's services were given gratuitously, nor that defendant would deny the consideration; that the plea offered no issue.

3. PRACTICE IN ERROR—*Submitting to the jury a question upon which there is no evidence,* is error.

*Error to Huerfano District Court, Hon. A. Watson McHendrie, Judge.*

Mr. PHILIP HORNBEIN, for plaintiff in error.

Mr. JOHN A. RUSH, Mr. FOSTER CLINE and Mr. JOHN L. EAST, for defendants in error.

Mr. Justice Teller delivered the opinion of the court.

PLAINTIFF in error brought suit against one Valdez, the testator of the defendants in error, to recover upon a promissory note alleged to have been executed and given for medical service rendered to the said Valdez.

The answer denied the making and delivery of the note and then alleged that: "* * * if any such note was ever signed by the defendant herein, that it was signed at a time when defendant was mentaly and physically sick, and at a time when said defendant was in such a feeble mental condition that he was wholly unaware of what he was doing or of the nature of his act; that such signature was wholly involuntary, and that such note was based upon no consideration whatever and is void and of no force and effect." The other matters of the answer are not material to the case, as we view it.

Upon the trial plaintiff testified to the making and delivery of the note and to the rendering of medical services to the defendant for a period covering some weeks, including several surgical operations.

The defendant testified that prior to the date of the note he gave the plaintiff the sum of $500.00, which was, by agreement, in full for all services theretofore rendered and to be rendered to him. He also testified that he was unable to say what happened to him for several days prior to and after the date of the note. He denied that he signed the note.

Other witnesses for the defense testified that the defendant was sick and under the care of the plaintiff on January 29th and 30th, January 30th being the date of the note, but none of them testified that he was mentally incapacitated at that time.

The court gave to the jury the following instruction: "You are instructed that if you find from the evidence that the note in question, and sued upon herein, was without

consideration, your verdict shall be for the defendant." To this the plaintiff objected on the ground that the answer did not properly plead a want of consideration; that there was, therefore, no such issue in the case.

Plaintiff in error contends that this instruction is bad for the reason stated in his objection to it on the trial, and relies upon *Welles v. Colorado Co.*, 49 Colo. 508, 113 Pac. 524, to support his contention.

In the case cited it was held that a plea of no consideration falls within section 56 of the Code which provides that the answer shall contain "a statement of any new matter constituting a defense, * * * in ordinary and concise language."

It was there said that under the Code the facts surrounding the making of the contract, or note, from which the conclusion of no consideration resulted, must be set up, so as to advise the adverse party what he would be called upon to meet by way of evidence. A note might be given, under widely varying circumstances, in each of which cases it would appear that there was no consideration for the obligation. To allege only that there was no consideration gives no information as to the facts relied upon to show it.

If it were true that a finding of no consideration would result from nothing but the fact that nothing passed between the parties, a plea of no consideration would be good, since there would be nothing but that fact to establish. The instant case shows the necessity of pleading the facts from which want of consideration results. On the trial the defendant sought to prove that there was no consideration by showing that there was an agreement that the $500.00 paid should cover all the treatments received; and to be received; and, again, by showing that the treatments were given gratuitously. The plaintiff was not, under the plea, advised that the defendant expected to prove either of said matters to defeat the consideration which the note imports.

Defendant in error, however, contends that the plea in fact sets out the grounds of that defense. The allegations which are thus relied upon, do not sustain the contention. All that precedes the allegation that the note was based upon no consideration, belongs to the defense that the defendant never executed the note; that is, that there was no *valid* execution of it. Whether or not it was upon a consideration, is an entirely different matter. The plea was bad, and made no issue upon which the jury could be instructed.

The court also submitted to the jury the question whether or not the defendant's signature to the note was wholly involuntary. To this objection is made that there was no evidence justifying the instruction. We think this objection also is well taken. There is nothing in the evidence given to prove that the defendant was incapable, on the date of the note, of making a valid contract. His own witnesses testified to the contrary.

Instruction No. 7 concerns the same subject and left it to the jury to determine whether or not plaintiff secured the note from the defendant when the latter was in such a feeble mental condition that he was unaware of what he was doing. There was no evidence to justify that instruction and the giving of it was error.

The judgment is accordingly reversed.

Chief Justice Garrigues and Mr. Justice Burke concur.