## No. 9762.

### THE CRIPPLE CREEK STATE BANK v. ROLLESTONE.

Decided July 5, 1921.   Rehearing denied December 5, 1921.

Action against the guarantor of a promissory note. Judgment for defendant.

*Affirmed.*

1. BILLS AND NOTES—*Promissory Note—Guarantor.* A contract of guaranty requires adequate consideration. It is not presumed, but must be established by evidence as in case of any other contract.

2. *Promissory Note—Guaranty—Intent.* The intent of a guarantor of a promissory note to be liable to the payee, where indorsement is made after delivery of the note, must be shown by a preponderance of the evidence.

3. CONTRACT—*Third Party.* A third party is entitled to recover a benefit secured to him by a contract only on condition that the consideration, upon which the right is claimed, was furnished by the contracting party with intent that it secure such benefit. An incidental benefit is not sufficient. '

4. BILLS AND NOTES—*Accommodation Indorsement.* Where one indorses a note as an accommodation, and the payee is the accommodated party, he has no right of action against the endorser.

5. BANKS AND BANKING—*Guaranty of Assets by Cashier.* The cashier of a bank, in order to maintain its capital and satisfy the bank

examiner, guaranteed by indorsement, a note listed in the bank's assets. Held, that as between the bank and indorser, there was no consideration for the guaranty, and no action could be maintained against him for the amount of the note.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Messrs. DINES, DINES & HOLME, Mr. ROBERT E. MORE, for plaintiff in error.

Mr. JAMES OWEN, Mr. C. S. THOMAS, Mr. GEORGE K. THOMAS, for defendant in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error, hereinafter called defendant, had judgment in an action against him by plaintiff in error, as an indorser on a promissory note. The case is here on error to such judgment.

The cause was tried on a stipulation of facts which discloses that in May, 1911, the bank was the holder of two promissory notes given to it some time previously which the bank examiner determined were not good banking risks. He therefore stated to the defendant, who was the cashier of the bank, that said notes must be taken from the list of the bank's assets. The effect of such action would have been to impair the bank's capital. It would then be the duty of the banking commissioner to require the stockholders to make good the impairment within sixty days; if not so made good, the commissioner might take possession of the bank, and, if deemed necessary, apply for a receiver.

If only one of said notes were stricken off, the capital of the bank would be unimpaired. Defendant then requested the examiner to strike only one of the notes and promised that if such action were taken he would indorse the other note, which was in the sum of $5,942.18. The bank examiner accepted the proposition, and accordingly

the defendant wrote his name across the back of said note, and it was accepted and approved as a bankable risk, and permitted to remain upon the list of the assets of the bank. The defendant having indorsed the note after delivery became a guarantor, and was sued as such. His defense was and is that as between him and the bank there was no consideration. That a contract of guaranty requires adequate consideration is settled law. It is not presumed, but must be established by evidence as in case of any other contract. The nature and character of an indorsement thus made, and the intent of the parties to the transaction may be shown. 8 C. J. p. 80. The intent in this case must be determined from the stipulation of facts, from which it appears that the defendant held but one share of stock, taken to qualify him to serve as a director.

It is further stated in the stipulation, after setting out the contract between the defendant and the commissioner, that thereafter "the other officials and directors of the bank were fully advised thereof (of the contract) and approved said transaction." The plaintiff in error contends that a consideration is found in the fact that the action of the commissioner, in leaving the note on the bank's list of assets, possibly saved the defendant from an assessment upon his stock.

No fact is stated from which it is reasonable to conclude that the defendant was acting for his own protection from a possible assessment. His purpose to prevent action adverse to the bank conclusively appears, and that the officers of the bank so understood it is plain from the statement that they approved his action. Having thus recognized defendant's purpose in the transaction, and accepted the benefits accruing from it, the bank cannot now be permitted to repudiate his action, as the action of and for the bank, and hold him liable as on a contract made with intent to secure to himself a personal benefit. The intent to become liable to the payee, where indorsement is made after delivery of the note, must be shown by a preponderance of the evidence. *Kohn v. Consolidated Butter & Egg Co.,* 63

N. Y. Supp. 265. Here there is no such intent shown, and such a consideration can be found only by *assuming* that defendant *might have been* afraid of an assessment.

In *Tenney v. Prince,* 4 Pick. 385, 16 Am. Dec. 347, suit was brought on a note against an indorser who had placed his name upon the back of the note some months after its delivery. The court said:

"There is no evidence of the intent and purpose of this act of the defendant, nor of any consideration which moved him to it. * * * It is impossible to infer an original promise to pay this note, coeval with its date, from a signature put upon it nine months after."

Although the complaint charges defendant upon a contract of guaranty, in the brief of plaintiff in error it is said that the action is upon a contract made between defendant and the commissioner for the benefit of the bank. Unquestionably one not a party to a contract, made by others for his benefit, may maintain an action on it; but this is not such an action. It is, in terms, upon the guaranty implied or resulting from the indorsement.

The contract between the defendant and the commissioner bound the former to indorse the note, in consideration of which the latter agreed to allow the note to remain as an asset of the bank. The consideration for this agreement was the mutual promises of the parties. The terms of the contract were complied with when the note was indorsed, and allowed to remain on the list of the bank's assets. There is, therefore, no cause of action on the contract either by the beneficiary, or the parties to it.

Possibly the theory of plaintiff in error is that this contract included also the obligation to the payee which results from an indorsement; that is, that it bound defendant to the bank, as a guarantor of the note.

A consideration of the facts, however, will show that such cannot be the case.

Each of the parties had a purpose to serve by the agreement. The defendant sought to protect the bank from an interference with its corporate. management, and possible

suspension.  The commissioner wished to improve the condition of the bank for the greater security of its depositors, or other creditors, whom he represented, by virtue of his office.

The defendant's purpose was served by the commissioner's compliance with the terms of the agreement.  The condition against which the commissioner sought protection for the public never arose; but, inasmuch as the probability of the bank's insolvency was decreased by its being permitted to continue in business, it may properly be said that the commissioner received all that he contemplated when entering into the agreement.

He could have no interest in increasing the bank's assets beyond the amount necessary to its solvency; hence, he could not have intended to bind defendant to pay the note for the sole benefit of the stockholders of a solvent bank. Had he so intended and contracted, he would have been acting beyond the scope of his authority.

At all events, the persons in whose interest he contracted are not interested in this action.

Of course, had the bank become insolvent, and this note as an asset had passed into the hands of a receiver, he would, as a representative of the creditors, have a right of action against the defendant.

The third persons, for whose benefit the contract in question was made, were the creditors of the bank, and as to them a receiver would sustain, in a general sense, the same relation as that sustained toward them by the commissioner.  The latter refrained from the threatened action in consideration of receiving what he regarded as an increased security to the creditors of the bank.  Under these circumstances it is, of course, plain that the bank, being solvent, cannot succeed to the rights which the contract impliedly gave to the commissioner, or to one acting in the same interest.

A third party is entitled to recover a benefit secured to him by a contract only on condition that the consideration, upon which the right is claimed, was furnished by the con-

tracting party with the intent that it secure such benefit, an incidental benefit is not sufficient. 13 C. J. Sec. 817.

Here no benefit to the bank, as a solvent concern, was intended; the benefit to it was conditional and to accrue only in case of insolvency.

The cases cited by counsel for plaintiff in error involving suits by receivers can, for reasons above suggested, have no application here.

Counsel discuss this question as coming under the rules applicable to accommodation paper. This is not a case of an accommodation indorsement, but is what is known as an irregular indorsement, not being made before negotiation of the note to secure credit for either the maker or the payee of it. When an accommodation note has been negotiated, the consideration accruing to the accommodated party is imputed to the accommodating party. If this be regarded as bearing some relation to accommodation paper, it should be noted that the payee here is the accommodated party. As such he has no right of action against the accommodating party. 8 C. J. 259.

The record is barren of evidence tending to show an intent in the minds of the parties to contract for the benefit of the bank, as distinguished from its creditors.

To hold defendant liable on this state of facts is to penalize the agent for an act in behalf of his principal which is highly beneficial to it. Defendant received nothing from the plaintiff, and the plaintiff lost nothing in the transaction which can serve as a consideration for the alleged obligation.

The judgment of the trial court was right and is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD dissent. MR. CHIEF JUSTICE SCOTT not participating.