No. 10,031.

RUSSELL *v.* THE CRIPPLE CREEK STATE BANK.

Decided April 3, 1922.

Action against a bank for surplus fund alleged to be remaining from the sale of collateral securities. Judgment of dismissal.

*Reversed.*

1. PLEADINGS—*Answer.* Pleadings reviewed, and held, that the answer contained no denial of the allegations of the complaint, and that the affirmative matters pleaded, constituted no defense.

2. ACTIONS—*Parties.* It is error for the court on its own motion and over objection, to bring into a suit one who is neither a necessary nor a proper party.

*Error to the District Court of El Paso County, Hon. J. W. Sheafor, Judge.*

Mr. BARNWELL S. STUART, for plaintiff in error.

Mr. H. MCGARRY, for defendant in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error was plaintiff and the defendant in error was defendant in the court below, and they will be so designated herein.

The plaintiff by his complaint alleged that, being indebted to the defendant upon a promissory note, he deposited with the defendant as security for said note a large amount of securities; that he thereafter became indebted in an additional sum because of an overdraft; that on the 11th of January, 1917, said indebtedness being unpaid, the securities were sold for a sum in excess of the indebtedness, of which excess defendant received 32 per cent; and that

the defendant refused to pay over to plaintiff. the said surplus which had come into its hands.

An answer was filed. A motion to strike certain parts thereof was overruled. A motion to make the answer more specific, by stating the particulars of the sale of said securities as to the time and manner of their sale, etc., was sustained. An amended answer was filed, and a motion to strike and a motion to make more specific were both overruled, although the amended answer does not purport to give the time of the sale of securities, nor the sum received for them, as required by the order of the court. Plaintiff then demurred to the amended answer, the demurrer was overruled, he elected to stand upon his demurrer and the complaint was dismissed. The cause is now before us for review.

The amended answer admits the execution and delivery of the note described in the complaint, and admits that the plaintiff pledged as security for the. payment of the note, and the other items of indebtedness, the shares of stock in said paragraph 2, described; but alleges that said shares were pledged for an indebtedness of $10,000 prior to the date mentioned in the complaint, "at a time when said indebtedness was represented and shown by another promissory note theretofore given by the plaintiff to defendant for the said sum of money, and in which note there was written a contract whereby this defendant and its assignees were authorized by the plaintiff to sell all or any part of said shares of stock at private sale for the purpose of providing a sum for the payment of said indebtedness and accumulated interest thereon after the same became due, together with the expense of such sale and the said contract for the sale of said shares continued in force and effect from the time the same was so pledged until such shares of stock were sold as hereinafter alleged and shown."

It is to be observed that there is no allegation that the prior promissory note, containing the alleged contract, was still held by the defendant or its assignee. The allegation

that the contract was still in force is a mere conclusion of the pleader.

There is no denial of the allegation. of the complaint that these securities were pledged for the payment of the note in the complaint mentioned. That being so, the fact of a contract in a note of prior date, though the note were still held by the bank, would have no bearing upon the cause of action presented by the complaint.

The answer further alleges that, the defendant, having been required by the State Bank Commissioner to write off $114,000 of its assets as valueless, transferred said items so written off, including plaintiff's said indebtedness, to the Golden Cycle Mining and Reduction Company, and that the defendant, as agent of the reduction company, aided in the sale of said securities, and became the recipient of a part of the proceeds thereof which were in excess of plaintiff's indebtedness.

The answer contains no denial of the allegations of the complaint and the affirmative matters pleaded constitute no defense to the action. The demurrer should have been sustained.

Upon the facts stated in the answer it appears that the defendant is attempting to escape liability as pledgee of the securities by the fact that it turned them over, with a mass of other securities, to the reduction company, which company, being liable to an assessment as a stockholder of the bank, took over these written off assets in consideration of its paying its assessment upon the stock held by it. That transaction can hardly be regarded as a sale of the securities, such as the contract pleaded authorizes even if the contract had been well pleaded.

Error is also assigned on the order of the court, made over the objection of plaintiff and without request upon the part of the defendant, making the reduction company a party to the suit. This is an action for money had and received, and the controversy is not such as is contemplated by the Code provision under which a court may introduce new parties. The reduction company was neither a neces-

sary nor a proper party, hence not properly in the suit. *Oles v. Wilson,* 57 Colo. 246, 273, 141 Pac. 489. The objection to the order was well taken.

The judgment is accordingly reversed, and the cause remanded for further proceedings in harmony with the views herein expressed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BURKE not participating.