No. 10,466.

BAXTER, PUBLIC TRUSTEE, ET AL. *v.* BENSON.

Decided December 4, 1922. Rehearing denied January 8, 1923.

Action to enjoin the foreclosure of a deed of trust. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.  APPEAL AND ERROR—*Fact Findings.* Findings of fact by the trial court will be accepted on review.

2.      *Equitable Judgment.* Where, under the fact findings of the

trial court, it appears that defendant in an injunction action to restrain the foreclosure of a trust deed, recovered all he was equitably entitled to receive, judgment restraining the foreclosure will not be disturbed.

3.      *Trial to Court—Presumption as to Evidence.* Where a case is tried to the court, assignments of error based on the admission of evidence will not be considered, it being presumed that only competent evidence was considered and acted upon by the court in reaching a conclusion.

*Error to the District Court of Larimer County, Hon. George H. Bradfield, Judge.*

Mr. JOHN H. SIMPSON, Mr. HERMAN W. SEAMAN, for plaintiffs in error.

Mr. AB. H. ROMANS, Mr. R. W. FLEMING, for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error, hereinafter called the plaintiff, secured an injunction in a suit in the district court restraining the plaintiff in error, Baxter, from foreclosing a deed of trust at the request of the other plaintiffs in error hereinafter called defendants.

The deed of trust, placed by former owners upon land purchased of them by the plaintiff, secured a debt payable in installments. The attempted foreclosure was because of a failure to pay an installment when due, in consequence of which the holders of the secured notes elected, under a provision of the deed of trust, to declare the whole indebtedness due.

The cause was tried to the court, and findings were in favor of the plaintiff, against whom, however, a judgment was entered for the amount of the installment in default, and the amount thereof with interest, which had theretofore been deposited in the registry of the court by the plaintiff, was directed to be paid to the defendants Danner,

The cause is before us on a writ of error, which we are asked to make a supersedeas.

There are numerous assignments of error, only a part of which will be considered.

There was considerable evidence introduced as to the conduct of the plaintiff and the agent of defendants in regard to payment of the installments due; and from it the court concluded that the defendants had waived the default in payment on the due date. The court further found that it was inequitable, upon the facts in evidence, to permit the foreclosure of the trust deed which provided for a large attorney's fee. Under all the circumstances in evidence, we do not feel called upon to disturb that finding. The defendants lost nothing by the delay of a few days, and by the judgment recovered all that they were entitled to, provided we accept the finding of the court that they had practically waived the default.

Inasmuch as the case was tried to the court, the errors in the admission of evidence—and we think it was error to admit evidence as to waiver by a former owner,—and as to the motions to strike, need not be considered. It is presumed that the court acted only upon competent evidence.

The supersedeas is accordingly denied and the judgment affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE ALLEN concur.