No. 10,501.

DOWDEY, ET AL. *v.* MAXWELL, ET AL.

Decided April 2, 1923. Rehearing denied May 7, 1923.

Action on promissory note.   Judgment for plaintiffs.

*Affirmed.*

*On Application for Supersedeas.*

1. ACTIONS—*Parties.* Request of defendants in an action on a promissory note, that new parties be brought in to answer an alleged cross-petition, held properly refused.

2. PLEADINGS—*Fraud.* The facts constituting fraud must be .alleged by the one who relies upon the fraud either as a cause of action or a defense.

3.    *Promissory Note—Want of Consideration.* One who relies upon a lack of consideration in a contract, may not state in general terms that there was no consideration, but must allege the facts.

4.    *Fraudulent Representations.* A pleading which attempts to set up fraudulent representations as a defense, which does not state that the defendant believed or relied upon the alleged fraudulent representations, is fatally defective.

5. APPEAL AND ERROR—*Court Rulings on Testimony.* A defendant who has no right to produce any testimony on the trial, may not complain of court rulings thereon.

*Error to the District Court of Prowers County, Hon. A. F. Hollenbeck, Judge.*

Mr. W. PENN COLLINS, for plaintiffs in error.

Messrs. HILLYER & KINKAID, for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE action is by the endorsees, against the makers, of

a promissory note: To a judgment in plaintiffs' favor, the defendants prosecute this writ. The first defense of the answer admits all the allegations of the complaint essential to a judgment in plaintiffs' favor. At the outset of the trial counsel for defendants so stated in open court and voluntarily accepted the burden of defeating the action by taking the opening and closing upon the assumed affirmative defenses of the first defense, which alleged, not any facts at all, but mere conclusions of the pleader that there was no consideration for the note, and to the knowledge of the plaintiffs, it was secured by the false representation of the payee. In the answer is what defendants' counsel call a "cross-petition", naming as defendants therein the plaintiffs and the payee of the note. In substance, it charges that the note set out in the complaint is one of a series of four notes, which the defendants gave to one Davidson as a part of the consideration which they were to pay him for an oil drilling rig and equipment, and that Davidson fraudulently represented to the defendants that they were of a certain character and in a certain condition, whereas they were not as represented. The defendants asked that Davidson and his wife be summoned into court to answer to the cross-petition so that the controversy between all of the parties to these promissory notes might be determined. The court refused to order the Davidsons to be brought in, and the case proceeded to a trial apparently upon the issues raised by the affirmative allegations of the answer. At the close of the trial the court, as above stated, directed a verdict for the plaintiffs, upon which judgment was entered. The defendants rely for reversal upon the orders of the court refusing to bring the Davidsons into the action, in directing a verdict, and for lack of evidence to sustain the allegations of the complaint, and various rulings upon the testimony during the progress of the trial.

In the state of the record we might summarily deny the application for a *supersedeas* and affirm the judgment. There are not sufficient exceptions noted in the bill of ex-

ceptions to some of the rulings of the court, which, under our practice, must be excepted to, if at all, in the bill. None of the errors assigned are tenable. There were no denials of the allegations of the complaint according to the defendants' own admission. Plaintiffs were entitled to judgment on the pleadings because the affirmative defenses were wholly insufficient. The facts, to constitute fraud, must be alleged by the one who relies upon the fraud, either as a cause of action or as a defense. Merely to state that a party has committed a fraud is of no avail in a pleading. No citation of authorities is necessary. One who relies upon a lack of consideration in a contract, may not state in general terms that there was a lack of consideration, but he must allege the facts which show that there was no consideration. *Welles v. Colorado N. L. A. Co.,* 49 Colo. 508, 512, 113 Pac. 524; *Abdun-Nur v. Valdez,* 68 Colo. 334, 189 Pac. 853.

The plaintiff's objected to any evidence in support of these supposed affirmative defenses, and it was error for the court to proceed to a trial thereunder. Plaintiffs were entitled to a judgment on the pleadings, unless it was error to refuse the prayer of the cross-petition. There was no error in this ruling. The grounds relied upon by the defendants, as stated in that anomalous pleading, are that the notes were secured by fraud. The pleading is fatally defective. It does not allege that the defendants believed or relied upon these alleged fraudulent representations of the payee of the note. Defendants had no grievance under this cross-petition. *McNulty v. Durham,* 63 Colo. 354, 167 Pac. 773. For that reason alone the court's refusal to bring in the Davidsons as third parties was right. Just why the court permitted any evidence does not appear in the record, and it is doubtful whether the evidence was intended to support the supposed affirmative defenses of the first defense, or the cross-petition which was eliminated by the court's ruling. However that may be, and whatever errors were committed by the court in ruling on the testimony, the defendants may not be heard to com-

plain, for they had no right to produce any evidence. But ,if the evidence could be considered for any purpose, it conclusively appears therefrom, even if there had been appropriate allegations in the answer to which the evidence was responsive, that the defendants did not rely upon the alleged fraudulent statements concerning the character and condition of the drilling rig which they were buying from the Davidsons, but, on the contrary, they relied upon their own judgment as to its fitness for their purpose, and after, and upon their own inspection of it, the opportunity to make which was given them by Davidson before the purchase was completed. A number of other reasons, which might seem more or less technical as compared with those on the merits already discussed, but which are substantial under the rules of this Court and our established practice, would forbid any consideration on this review of the errors which the defendants have assigned. For all these reasons the application for *supersedeas* must be denied and the judgmnet affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.