## No. 11,673.

### People ex rel. Ruybalid *v*. Espinoza.

Decided March 28, 1927.

Action in quo warranto. Judgment of dismissal.

### *Affirmed.*

1. Counties—*Commissioners—Vacancy.* When a county commissioner moves from one commissioner district to another, it effects a vacancy in the office.

2. *Commissioners—Residence—Vacancy.* To work a vacancy in the office of county commissioner by removal from the district, there must be a fixed intention on the part of the commissioner who goes from one district to another to give up his residence in the former and to acquire a domicile in the latter.

3.  RESIDENCE—*Change.*  A residence once acquired, remains until one has actually abandoned the same with intention to renounce it and acquire a residence elsewhere.

4.  PLEADING—*Change of Residence—Facts.*  In alleging a change of residence, sufficient ultimate facts constituting the change must be aptly pleaded.  In the instant case, the complaint held insufficient in this respect.

5.  QUO WARRANTO—*Public Office.*  Quo warranto is the proper remedy in district courts for trying title to public office.

6.  COUNTIES—*Commissioners—Vacancy.*  Procedure concerning the determination of a vacancy in the office of county commissioner when the incumbent moves from one district to another, considered.

*Error to the District Court of Conejos County, Hon. Jesse C. Wiley, Judge.*

Mr. JAMES P. VEERKAMP, for plaintiff in error.

Mr. RALPH L. CARR, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is a code action, or proceeding, instituted by relator Ruybalid, by permission of the court, after the district attorney had refused to bring it, against defendant Espinoza to try the latter's title to the office of county commissioner for district No. 1 of Conejos county.  The defendant's general demurrer to the complaint was sustained by the court and as the plaintiff declined to amend, but stood by his complaint, the action was dismissed and the relator is here on error.

The complaint alleges that the defendant Espinoza in November, 1924, was duly elected as county commissioner within and for commissioner's district No. 1 for Conejos county; that after his qualification and induction into

office and in December, 1925, he "removed from the said commissioner's district No. one, the place where he resided at the time of his election, and induction into office, and moved into commissioner's district number three in Conejos county, Colorado, where he has ever since continuously resided, and does now reside." This is the only averment in the complaint respecting the alleged removal by the defendant from one district into another. Section 8672, C. L. 1921, provides that if any county commissioner "shall, during his term of office, remove without the district in which he resided when elected, his office shall thereupon become vacant and it shall be the duty of the remaining commissioner or commissioners to certify such facts to the governor and thereupon the vacancy or vacancies shall be filled as provided by law." The relator insists that the sole fact of removal ipso facto effects a vacancy in the office. When a removal is properly pleaded and proved we think that it does give rise to a vacancy. Such was the ruling in *People ex rel. Fleming v. Shorb*, 100 Cal. 537, 35 Pac. 163, 38 Am. St. Rep. 310. Defendant does not question this, but justifies the judgment of dismissal upon the two grounds one or both of which the trial court considered good; first, that the complaint is fatally defective in that the allegation as to removal is merely a conclusion of the pleader, and, second, that in no event does the extraordinary writ of quo warranto lie in such a case as this, although the same is the proper remedy for trying title to office generally, unless and until, as provided by the statute above quoted, due notice of removal is given and proper application is made to the remaining commissioner or commissioners so as to enable him or them to ascertain if such disqualifying removal has occurred and, if so, to certify the facts to the governor.

The "removal" contemplated by the statute is not a mere temporary change of place of abode from one district to another, whether it be for pleasure, temporary

convenience or for business reasons. To work a vacancy in the office the removal which the General Assembly had in mind must be with a fixed intention by the commissioner who goes from one district to another to give up his legal residence or home in the former, and at the same time to acquire a domicile or legal home in the latter. In a recent case in this court, *Kay v. Strobeck,* 81 Colo. 144, 254 Pac. 150, we had occasion, in the case of an election contest under the statute, to express our views upon the subject of removal. Among other things we there said that residence once acquired remains until one has actually abandoned the same with intention to renounce it and to acquire a residence elsewhere. The principle there announced is applicable here. There is nothing in this complaint which even by inference says that the defendant commissioner intended to abandon his residence in the district where he lived when elected and to establish a new residence in the other district where, for aught that appears to the contrary, he was only temporarily, and for a specific purpose, residing. Though a complaint should avoid setting forth evidentiary facts, yet, when as here, it is essential that a permanent, not a mere temporary, removal or change of residence or domicile has occurred, sufficient ultimate facts which constitute such a removal or change of residence must be aptly pleaded. We hold that the complaint does not state facts sufficient to constitute a cause of action and the general demurrer was properly sustained on that ground.

Unquestionably quo warranto is the proper remedy in the district courts for trying title to a public office. It does not necessarily follow, however, that under this statute quo warranto lies before the alleged removal is called to the attention of the remaining county commissioner or commissioners so that he or they may ascertain if a disqualifying removal has occurred so that they may certify the facts to the governor. There is good reason for saying that the remedy furnished by this statute, in

case of an alleged removal by a county commissioner from one district into another, should be resorted to before quo warranto is invoked, but it is not necessary for us now to rule upon that question. The complaint being so manifestly bad, we rest our decision solely upon its insufficiency as authorizing the judgment of dismissal. The following among our own decisions are in accord with our view of the complaint: *People ex rel v. Brown,* 23 Colo. 425, 48 Pac. 661; *Jessey v. Butterfield,* 61 Colo. 256, 157 Pac. 1; *Farmers' Independent D. Co. v. Agricultural D. Co.,* 3 Colo. App. 255, 32 Pac. 722; *Downing v. Agricultural D. Co.,* 20 Colo. 546, 39 Pac. 336; *Boston & Colorado Smelting Co. v. Reed,* 23 Colo. 523, 48 Pac. 515; *Russell v. Cripple Creek Bank,* 71 Colo. 238, 206 Pac. 160.

The judgment is accordingly affirmed.