## No. 12,793.

CHURCH *v.* POLAR ICE CREAM COMPANY.

(3 P. [2d] 301)

Decided September 14, 1931.

Mr. MERLE M. MARSHALL, Mr. E. L. WEITZELL, for plaintiff in error.

Mr. H. E. BRAYTON, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

THE Polar Ice Cream Company, a corporation, will hereinafter be referred to as plaintiff and A. H. Church as defendant. Plaintiff brought an action against de-

fendant and Laurene B. Church to recover judgment against them on their promissory note. Defendant and Laurene B. Church filed a joint answer; during the course of the trial Laurene B. Church confessed judgment; at the conclusion of all the evidence both plaintiff and defendant moved for a directed verdict, whereupon the court discharged the jury and rendered judgment in favor of the plaintiff and against the defendant. Defendant prosecutes this writ assigning as error the action of the trial court in rendering judgment against him, because: (1) There was no valid consideration for the note, and, (2) the note was void because it contained certain provisions in restraint of trade and to prevent lawful competition.

The complaint, in the form usually adopted in suits on promissory notes, alleged the corporate existence of plaintiff; the making, execution, and delivery, for a valuable consideration, of the promissory note; the provision for an attorney's fee, and the amount due therefor, and prays judgment. The joint answer admitted the corporate existence; admitted the execution of the note, but attempted to raise the question of no consideration by the following: "They alleged the fact to be that the same was not executed for value received and that the defendants have not had value received for said note." The answer admitted refusal to pay the note, and attempted to deny the amount due as an attorney's fee by the following allegation: "the defendants have no information upon which to base an admission or denial and they therefore deny the same." The answer, for a second defense, alleged: "That the said note was not signed by the defendant A. H. Church, but that his name was affixed thereto by his wife, the said defendant, Laurene B. Church, solely for the accommodation of the plaintiff, * * *." The second defense also attempted an allegation of payment, but no evidence thereof was offered, and this portion of the answer will be treated as abandoned.

Defendant did not attempt to deny his wife's right to

sign the note in his name, nor did he question his liability by reason of her having done so. The action of Laurene B. Church in confessing judgment was an admission on her part that the note sued upon was in all respects a valid and binding legal obligation as to her. The answer, so far as respects the defendant, was wholly insufficient to raise an issue of no consideration: *Welles v. Colorado Co.*, 49 Colo. 508, 512 et seq., 113 Pac. 524; *Abdun-Nur v. Valdez,* 68 Colo. 334, 336, 189 Pac. 853; *Heald v. Crump,* 73 Colo. 251, 253, 215 Pac. 140; *Dowdey v. Maxwell,* 73 Colo. 268, 269, 215 Pac. 146.

■ It may be said that defendant was an accommodation maker for the benefit of the plaintiff, and, therefore, plaintiff cannot maintain this action: *Cripple Creek State Bank v. Rollestone,* 70 Colo. 434, 202 Pac. 115. The only evidence to support the allegation of the answer, that defendant's wife had signed his name to the note for the accommodation of plaintiff was: "My wife called me up and said that the lawyer of the Polar Ice Cream Company was presenting her a note, and they wanted my signature, and she signed it; that was the first I knew anything about it."

This evidence was clearly objectionable, and it is presumed that the trial court in rendering judgment wholly disregarded all immaterial and incompetent evidence: *Baxter v. Benson,* 72 Colo. 474, 476, 211 Pac. 380.

■ The second assignment cannot be considered because no evidence in support thereof was offered; the question was not pleaded or raised in the trial court, and no attempt whatever was made to urge it as a defense to liability on the note until it was first assigned as error here. Citation of authorities to support this disposition of the assignment is unnecessary.

The trial court properly rendered its judgment for plaintiff.

Judgment affirmed.