## No. 13,074.

HALDANE ET AL. *v.* POTTER.
(31 P. [2d] 709)

Decided April 2, 1934.

Mr. CHARLES R. ENOS, Mr. HAROLD H. HEALY, Mr. THEODORE A. CHISHOLM, for plaintiffs in error.

Mr. GEORGE P. WINTERS, Mr. RICHARD S. FILLIUS, for defendant in error.

*En Banc.*

·Mr. Chief Justice Adams delivered the opinion of the court.

We refer to the parties as plaintiffs and defendant, respectively, as at the trial. W. G. Haldane and Justin C. Walker brought an action against J. Seward Potter to recover judgment in the sum of $20,000, alleged to be due plaintiffs from defendant as an agreed commission and the reasonable value of services alleged to have been rendered by plaintiffs in the sale and purchase of certain mining claims acquired by defendant. Defendant filed a special demurrer to the complaint on the alleged ground that there is a defect for nonjoinder of parties defendant. The court sustained the demurrer, plaintiffs elected to stand on their complaint, the case was dismissed and plaintiffs assign error.

The allegations of the complaint are as follows:

"1. That on or about the 24th day of May, A. D. 1929, one Mamie E. Occumpaugh and Herbert E. Occumpaugh, were the sole heirs at law, devisees, legatees and executors under the last Will and Testament of Charles Herbert Occumpaugh, and as such, the owners of certain unpatented mining claims in the State of Colorado, to-wit: thirty-two (32) claims and four (4) millsites, together with improvements and fixtures thereon, all situate and being in the Lower San Miguel Mining District, County of San Miguel, the State aforesaid.

"2. That on or about the said 24th day of May, A. D. 1929, the said Mamie E. Occumpaugh and Herbert E. Occumpaugh, stated, agreed and contracted with the plaintiffs that the said plaintiffs should find a purchaser for the said mining property, at a price of not less than Fifty Thousand Dollars ($50,000.00) net to said owners, for which services the said Mamie E. Occumpaugh and Herbert E. Occumpaugh agreed to pay the said plaintiffs as commission for their, the said plaintiff's serv-

ices, any and all sums in excess of the said price of $50,000.00 agreed to be paid by such purchaser.

"3. That at all times herein mentioned, subsequent to said date, the plaintiffs continued to act as the agents of the said owners for the sale of said property and diligently devoted their efforts to such purpose.

"4. That the plaintiffs did find a purchaser, to-wit: the defendant herein, J. Seward Potter, who was ready, willing and able to purchase said property upon the terms mentioned, and upon terms acceptable to said owners.

"5. That the said defendant, J. Seward Potter, did, on to-wit, the 19th day of November, A. D. 1931, contract to purchase, and did purchase, the said real property for the total purchase price of Seventy Thousand Dollars ($70,000.00), and by said contract, as part of the consideration therefor, assumed and agreed to pay the commission due said plaintiffs in this behalf.

"6. That the agreed commission due the plaintiffs for their services is Twenty Thousand Dollars ($20,000.00), and that said sum is the reasonable value of the services rendered.

"7. That the defendant has failed and refused to pay the plaintiffs their said commission, or any part thereof, though due demand has been made therefor."

The complaint concludes with a prayer for judgment against the defendant, J. Seward Potter.

1. The special demurrer to the complaint was sustained on the ground that Mamie E. Occumpaugh and Herbert E. Occumpaugh were not made parties defendant. The ruling on this demurrer is the only question before us, and to determine it we must ascertain the relation, if any, of the Occumpaughs to the present controversy. Two contracts pertaining to the payment of a commission are alleged. The first is the contract of May 24, 1929, between plaintiffs and the Occumpaughs, set forth in the second paragraph of the complaint.

Obviously, if plaintiffs had sued to recover from the Occumpaughs, they would have been necessary parties defendant, but this is not such an action. The above contract of May 24, 1929, is pleaded only by way of inducement or explanation of a second contract which was made two and one-half years later, as set forth in the fifth paragraph of the complaint. The last contract is dated November 19, 1931. It directly affects Potter as obligor and is the contract upon which this action is brought. The complaint shows that in consideration of the sale of the mining property as consummated between the Occumpaughs (owners) and Potter (the purchaser), the latter agreed to pay the commission.

2. The contract of November 19, 1931, is the one now under consideration. Plaintiffs were not parties thereto, but it was a contract made for the benefit of third persons, i. e., the plaintiffs. It is well settled that third persons may bring an action on such a contract. *Grimes v. Barndollar,* 58 Colo. 421, 436, 148 Pac. 256; *Calhoun v. Downs,* 211 Cal. 766, 297 Pac. 548.

3. The question as to whether the Occumpaughs where necessary parties, is to be determined by the provisions of our Code of Civil Procedure. *Pollard v. Lathrop,* 12 Colo. 171, 176, 177, 20 Pac. 251; *Russell v. Cripple Creek State Bank,* 71 Colo. 238, 240, 206 Pac. 160. Section 11 of the 1921 Code provides as follows: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein." Section 16 of the above Code reads: "The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court shall order them to be brought in."

562

4. The law encourages the determination of all controversies in one action when it can be lawfully done, by bringing in either necessary or proper parties. *Pollard v. Lathrop, supra.* With equal discrimination, the law disapproves of bringing in parties whose presence is neither necessary nor proper. *Russell v. Bank, supra; Howard v. Fisher,* 86 Colo. 493, 522, 523, 283 Pac. 1042. Necessary means indispensable. *Pollard v. Lathrop, supra; Oles v. Wilson,* 57 Colo. 246, 273, 141 Pac. 489.

5. Like the present case, *Romaine v. Judson,* 128 Ind. 403, 26 N. E. 563, was a suit on a contract made for the benefit of a third person, and was decided on a demurrer to the complaint. A was indebted to plaintiffs; defendants agreed to pay the debt and to relieve A; plaintiffs sued defendants. Held, that the contract resulted in the payment of a debt for which A was liable; that his rights were not in any way affected and that he was not a necessary party.

The attitude of courts in other jurisdictions is reflected in 47 C. J. page 17, section 10, as follows: "The necessary parties to a proceeding, regardless of its nature, that is, whether it is in rem, at law, or in equity, are those, and those only, who have an interest in the subject matter of the suit and whose rights may be concluded by the judgment. * * * One who has no interest in the subject matter of the litigation is not a necessary party."

6. Tested by the above standards, we must hold that the sustaining of the special demurrer for nonjoinder of parties was error. The complaint is the only pleading before us and is the sole criterion as the matter now stands. It does not appear from its contents that the Occumpaughs have any interest in the controversy, or that they would or could be affected by the judgment, whether it turns out to be in favor of or against Potter. It would be premature to anticipate the possible disclosures of further pleadings in the cause, and conjectures as to their ultimate effect would be valueless.

The judgment is reversed and the cause remanded with directions to overrule the demurrer.

Mr. Justice Campbell dissents.

Mr. Justice Holland not participating.