## No. 13,993.

### HALL *v.* BANKERS TRUST COMPANY.
(74 P. [2d] 720)

Decided November 22, 1937. Rehearing denied December 13, 1937.

Mr. FREDERICK SASS, Mr. FRED S. CALDWELL, for plaintiff in error.

Messrs. Dines, Dines & Holme, Mr. Harold D. Roberts, Mr. Robert E. More, for defendant in error.

*En Banc.*

Mr. Justice Bouck delivered the opinion of the court.

The plaintiff in error Hall sued in the lower court to recover certain moneys which he paid to the defendant in error Bankers Trust Co., but which he alleges he paid only by reason of alleged false representations of the company. Instead of affirming the original contract and exercising his right to sue in tort for damages on account of injury sustained by such representations—in what would thus have been an action of deceit—Hall claimed to have declared a rescission and brought an action ex contractu to recover the payments he had made.

The transaction complained of took place in 1921. Hall's amended complaint set forth circumstantially that he did not discover the fraud until 1934. There was filed a general demurrer, which we think was improperly sustained. Compare *Jessey v. Butterfield,* 61 Colo. 256, 259, 157 Pac. 1, 2. However, a special demurrer was also interposed to the pleading on the ground that the action was barred by three specified statutes of limitations and by laches. This special demurrer was likewise sustained by the district court. When the general and the special demurrer had been sustained, Hall stood on his amended complaint. The case was dismissed and it is now here for review on error.

1. One of the statutes of limitations relied upon in the special demurrer is section 6392 of C. L. 1921, page 1667 ('35 C. S. A., c. 102, §1 [vol. 3]). It reads:

"The following actions shall be commenced within six years, next after the cause of action shall accrue, and not afterwards:

"First—All actions of debt founded upon any contract or liability in action. * * *

"Fourth—All actions of assumpsit, or on the case founded on any contract or liability, express or implied. * * *,,

The contention in support of the special demurrer based on this particular statute is that the statute began to run when the money was originally paid over by Hall.

The decisive question is as to when Hall's cause of action accrued and thereby set in motion the statute of limitations. In opposition to the argument of the defendants in error, that the accrual was in 1921 when the payment was made, Hall's contentions are that his cause of action accrued only when he rescinded the original contract in 1934 promptly after the fraud was discovered, and that the fraud as an integral part of his cause of action was alleged in order to justify the rescission. If these contentions are correct, the statute began to run either at the date of rescission or, at the earliest, when the fraud was discovered. Until there was the discovery of a fraud there could be no rescission, hence no obligation to pay back to Hall the moneys he had paid. There is of course no doubt that, under our previous interpretations of the Code of Civil Procedure, Hall had the right to waive the alleged tort and sue on an implied contract akin to the old common-law counts. The alleged fraud, with Hall's discovery of it, is obviously pleaded to show the basis on which the implied contract then and there came into existence. It was at the time of such discovery, or of the rescission, that the moneys could for the first time be said to be moneys received for the use of the plaintiff; then, and not before, did the duty of repayment arise, as an ex contractu obligation, and only then could this statute of limitations have begun to run. Prior to that no cause of action could accrue. Whether the limitation period be computed from the date of the rescission or from the date of discovery of the fraud, is immaterial in the present case. We are inclined to think that the discovery of the

fraud governs. In either event, if the six-year limitation presented by section 6392 applies, the statute had not run long enough to constitute a bar to the action, and the contrary contention must be overruled.

2. In addition to the six-year statute, the special demurrer to the amended complaint relied, as a second ground, upon the statute of limitations found in C. L. 1921, section 6403 ('35 C. S. A., c. 102, §13 [vol. 3]). That section reads as follows: "Bills for relief, on the ground of fraud, shall be filed within three years after the discovery by the aggrieved party, of the facts constituting such fraud, and not afterwards." This section does not, we think, apply to the present case. But if it did, the period during which the statute could have run would plainly be less than three years and so too short to constitute a bar thereunder.

3. As a third ground assigned in the special demurrer, the amended complaint is said to show on its face that the alleged cause of action is barred by C. L. 1921, section 6404 ('35 C. S. A., c. 102, §14 [vol. 3]). This relates to trusts and is inapplicable here.

4. Lastly, it is alleged by the special demurrer to be apparent from the face of the amended complaint that the plaintiff was guilty of laches. On one or more grounds, this defense is not now involved. For instance, such a defense must be affirmatively pleaded. *Consolidated Juchem D. & R. Co. v. Old,* 62 Colo. 470, 163 Pac. 78; *Blakely v. Fort Lyon Canal Co.,* 31 Colo. 224, 73 Pac. 249.

It thus appearing that none of the four grounds relied upon in the special demurrer is well taken, and that a cause of action is adequately set out, we hold that the amended complaint is sufficient as against both the general and the special demurrer. The judgment of dismissal is therefore reversed and the case remanded with directions to overrule the demurrers, and to give the defendant an opportunity of pleading over, with a view

to proceeding to frame the issues and having due trial thereof.

Judgment reversed with directions.