**FOURTH & MAIN COMPANY, a Colorado corporation, J&B Investment Co., a partnership, and K&R Investment Co., a partnership, Plaintiffs-Appellants,**

v.

**The JOSLIN DRY GOODS COMPANY, a Colorado corporation, Defendant-Appellee,**

and

**Mercantile Stores Company, Inc., a New York corporation, Defendant.**

**No. 81CA0500.**

Colorado Court of Appeals, Div. III.

March 25, 1982.

Rehearing Denied April 22, 1982.

Certiorari Denied July 12, 1982.

Davis, Moorhead & Ceriani, P. C., Rick G. Davis, Denver, for plaintiffs-appellants.

Grant, McHendrie, Haines & Crouse, P. C., John N. Dahle, Denver, for defendant-appellee.

KIRSHBAUM, Judge.

This action arises out of an alleged breach of a commercial lease agreement. Plaintiff Fourth & Main Co. (Fourth & Main) appeals the trial court's order dismissing its claim for unjust enrichment against defendant, Joslin Dry Goods Co. (Joslin). Plaintiffs J&B Investment Co. (J&B) and K&R Investment Co. (K&R) appeal the trial court's order granting summary judgment in favor of Joslin on their third-party beneficiary claims against Joslin. We affirm.

All three plaintiffs acquired real estate in downtown Pueblo, Colorado, prior to 1956. In May of that year, Fourth & Main leased a downtown building it owned to Joslin for a term ending January 31, 1977. The lease agreement did not refer to J&B or K&R.

The lease agreement required Joslin to pay Fourth & Main a minimum monthly rental and, in addition, a percentage-of-sales rental, subject to a maximum sales volume. By paragraph VIII(a) of the agreement Joslin also agreed that during the term of the lease it "will ... diligently conduct a general retail business in said premises and will maintain upon said premises a substantial stock of merchandise, and

will keep the premises open and ready for business during the usual hours on all regular business days...." Joslin took possession of the premises in June 1956 and operated a retail business there until October 1976.

In mid-1976, Joslin unsuccessfully sought Fourth & Main's consent to cease doing business in the leased building in October 1976, four months prior to the expiration of the lease term. Thereafter, Joslin tendered to Fourth & Main a sum equal to the maximum rentals that Fourth & Main could possibly earn under the lease agreement if Joslin continued to conduct business through January 31, 1977. Fourth & Main accepted the payment. On October 1, 1976, Joslin ceased doing business at the leased premises. In this suit, plaintiff Fourth & Main claimed, *inter alia*, that it was entitled to damages based on the doctrine of unjust enrichment for Joslin's alleged breach of paragraph VIII(a) of the lease. J&B and K&R claimed damages as third-party beneficiaries to the lease.

## I. APPEAL OF FOURTH & MAIN

■ Fourth & Main contends that the trial court erred in dismissing its unjust enrichment claim. We disagree.

In *Backus v. Apishapa Land and Cattle Co.*, Colo.App., 615 P.2d 42 (1980), we stated:

"A plaintiff is entitled to recover based on the unjust enrichment of a defendant when the plaintiff has no alternative right on an enforceable contract.... A plaintiff relying on unjust enrichment must allege that he conferred a benefit which was known to or appreciated by the defendant, and which the defendant accepted or retained, making it inequitable for him to retain the benefit without payment. *See Dass v. Epplen*, 162 Colo. 60, 424 P.2d 779 (1967)."

When a trial court determines whether a motion to dismiss for failure to state a claim should be granted, all matters well-pleaded must be taken as true and only those matters stated in the complaint may be considered by the trial court. *Abts v. Board of Education*, Colo., 622 P.2d 518 (1980).

Fourth & Main's amended complaint alleges that prior to June 1976 Joslin entered into a long-term lease agreement with the owners of the Pueblo Mall whereby Joslin agreed to commence operation of a new store in the mall during 1976. The amended complaint also contains the following allegations:

"3. Upon information and belief, Fourth & Main alleges that Joslins ceased operation of the department store in order to facilitate its move into its new store in the Pueblo Mall, to save substantial costs and expenses which would be incurred in operating both stores during the period of October 1, 1976, through January 31, 1977, and to derive valuable benefits which it would not have received had it operated both stores during such period. Such savings and benefits to Joslins proximately resulting from its intentional breach of its lease with Fourth & Main exceeded $100,000.00.

"4. Joslins was unjustly enriched by its deliberate breach of the lease with Fourth & Main to the extent of all savings of costs and expenses and benefits received by it in not operating the department store from October 1, 1976, through January 31, 1977."

This claim does not allege that Fourth & Main conferred any benefit upon Joslin. Hence, contrary to the position taken by Fourth & Main on appeal, it is not a claim for "restitution."

Restitution, one of many remedies relying on concepts of tort as well as upon traditional contract principles for their efficacy presupposes that a promisee has conferred some benefit upon a promisor for which the promisee should be reimbursed. *See Restatement of Restitution* § 1. Whether termed a remedy based upon a theory of "quasi-contract," "implied contract," or simply "unjust enrichment," restitution developed historically to permit recovery of money damages by a promisee who, in reliance upon an agreement, acted in a way which conferred a benefit upon a promisor who did not fully perform under the agreement.

*See, e.g., 5 A. Corbin, Contracts* § 990 (1964); 12 *S. Williston, Contracts* § 1454 (W. Jaeger 3rd ed. 1970). When restitution is available as a remedy, the measure of damages often will be some sum other than the contract price. To argue, as does Fourth & Main, that the claim itself is based upon "unjust enrichment" is to confuse the remedy with the right.

There is authority for the principle that recovery based on unjust enrichment need not be limited solely to situations in which the plaintiff has conferred the benefit received by the defendant. *See I G. Palmer, The Law of Restitution* § 4.9 (1978); *see also Deterding v. United States*, 69 F.Supp. 214 (Ct.Cl.1947); *Monarch Accounting Supplies, Inc. v. Prezioso*, 170 Conn. 659, 368 A.2d 6 (1976). However, these authorities do not consider a situation where, as here, the promisor has paid the full contract price to the promisee. Joslin has given Fourth & Main the full amount to which Fourth & Main is entitled under the contract, and Joslin has not been unjustly benefited by any conduct of Fourth & Main. We conclude that in these circumstances, neither "the law of natural immutable justice," nor equity, nor any other fair assessment of the facts permits the imposition of a penalty of additional damages upon Joslin on the basis of the breach of contract here alleged. *Valley Realty & Investment Co. v. McMillan*, 160 Colo. 109, 414 P.2d 486 (1966).

## II. APPEAL OF J&B AND K&R

J&B and K&R contend that the trial court erred in granting summary judgment against them and in favor of Joslin on their third-party beneficiary claims. We disagree.

J&B and K&R allege in their complaint that they are under common ownership, control, and management with Fourth & Main; that both Fourth & Main and Joslin intended for paragraph VIII(a) of the lease agreement to benefit not only Fourth & Main but also J&B and K&R with respect to certain retail stores owned by J&B and K&R; that such retail stores were dependent upon the continued operation of Joslin's retail business for the generation of customer traffic; that, as a result of Joslin's failure to remain open for business, customer traffic in downtown Pueblo substantially decreased; and that J&B and K&R are entitled to damages for loss of rental income as a result of Joslin's breach of paragraph VIII(a). The trial court ruled that the lease agreement "fails to reveal any express provisions or equivalent terms showing that the contracting parties intended to confer any direct benefit upon J&B and K&R." We agree with this ruling.

A person not a party to an express contract may bring an action on such contract if the parties to the agreement intended to benefit such person, provided that the benefit claimed is a direct and not merely an incidental benefit of the contract. *Haldane v. Potter*, 94 Colo. 558, 31 P.2d 709 (1934); *Cripple Creek State Bank v. Rollestone*, 70 Colo. 434, 202 P. 115 (1921). While the intent to benefit the non-party need not be expressly recited by the contract, the intent must be apparent from terms of the agreement as well as from surrounding circumstances. *Cripple Creek State Bank v. Rollestone, supra; see Frankfort Oil Co. v. Abrams*, 159 Colo. 535, 413 P.2d 190 (1966); *Borwick v. Bober*, 34 Colo.App. 423, 529 P.2d 1351 (1974). Moreover, the claimed benefit must be more than a fortuitous windfall; a mere incidental beneficiary is not entitled to recover, even though such person is benefited by the undertakings of the contracting parties. *See Haldane v. Potter, supra; Restatement (Second) of Contracts* § 315.[1]

---

1. The United States Court of Appeals for the Tenth Circuit, applying Colorado law to different contractual disputes, has indicated somewhat conflicting views with respect to the necessity of express contract provisions as the basis for third-party beneficiary claims in this jurisdiction. *Compare Corn Construction Co. v. Aetna Casualty and Surety Co.*, 295 F.2d 685 (10th Cir. 1961) *with Gallagher v. Continental Insurance Co.*, 502 F.2d 827 (10th Cir. 1974) *and Jett v. Phillips & Associates*, 439 F.2d 987 (10th Cir. 1971).

Paragraph VIII(a) of the contract contains no indication that it was intended to benefit any person or group of persons other than the contracting parties. The only conclusion that can be drawn from the language used is that the primary purpose of this paragraph was to assure maximum benefits to Fourth & Main. It is not apparent that J&B and K&R were direct or intended beneficiaries of the agreement.

Hence, the trial court properly entered summary judgment dismissing the third-party beneficiary claims of J&B and K&R.

The judgments are affirmed.

STERNBERG and TURSI, JJ., concur.