**Frederic H. BROOKS and Minnie Goldstein, Plaintiffs,**

v.

**Ralph R. WEISER et al., Defendants.**

**No. 71 Civ. 5128.**

United States District Court,
S. D. New York.

Dec. 14, 1972.

Arthur B. Netter, New York City, for plaintiffs; Mathias Lloyd Spiegel, New York City, of counsel.

Keane, Butler & Grean, New York City, for defendant National Equipment Rental, Ltd.; Thomas A. Butler, New York City, of counsel.

Pomerantz, Levy, Haudek & Block, New York City, for defendants Canberra Management Corp., Ralph R. Weiser, Harry M. Weisberg, Milton Brahms, George E. Batchelor, Albert I. Milberg, Ferdinand S. Schmid, John M. Phelan and Thomas J. McArdle; Richard M. Meyer, New York City, of counsel.

White & Case, New York City, for defendants North American Car Corp. and The Flying Tiger Corp.; Thomas Mc-Ganney, New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

Plaintiffs, Frederic Brooks and Minnie Goldstein, are the holders of $395,000., face amount of 5¼% deben-

tures of National Equipment Rental, Ltd. ("NER"), convertible into common stock of American Export Industries, Inc. ("Export"). The numerous defendants form a typically complex corporate structure,[1] a description of which is unnecessary to the understanding of this motion. Basing jurisdiction on diversity of citizenship, plaintiffs are suing derivatively on behalf of NER, a nominal defendant. Some of the defendants[2] move to dismiss on the ground that plaintiffs lack standing to sue.[3]

Defendants' argument rests on a simple syllogism: To bring a *shareholders'* derivative suit plaintiffs must *be* shareholders; as *debenture* holders they are creditors not shareholders; therefore, they cannot sue on behalf of the corporation.

Plaintiffs propose two theories to sustain their standing: 1) For the purpose of *suing* derivatively convertible debenture holders are shareholders not creditors, and 2) even if they are creditors, "[t]here is no inherent bar to a creditor suing on behalf of the debtor corporation" (Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaint at 6).

In support of the first ground mentioned above, plaintiffs rely heavily on Hoff v. Sprayregan, 52 F.R.D. 243 (S.

D.N.Y.1971), which held that convertible debenture holders were shareholders entitled to bring a derivative suit pursuant to Rule 23.1, Fed.R.Civ.P. This reliance is entirely misplaced.

■ First, *Hoff* does not stand for the proposition that *all* convertible debentures are shares entitling their holders to sue derivatively. In *Hoff*, and in Weitzen v. Kearns, 271 F.Supp. 616 (S. D.N.Y.1967), which, without discussion, allowed convertible debenture holders to sue derivatively, the debentures were convertible into shares of the corporation on whose behalf plaintiffs were suing. Here, plaintiffs are suing on behalf of NER yet, though they are bondholders of NER, their bonds are convertible into shares of Export. Since it does not allow plaintiffs to convert their debentures into NER shares, the conversion feature does not make them shareholders or potential shareholders of NER. Hence, plaintiffs are only shareholders if the debentures themselves are shares and it is, of course, clear beyond any doubt that they are not. Chemical Fund, Inc. v. Xerox Corp., 377 F.2d 107, 110 (2d Cir. 1967).[4]

■ Furthermore, a holding that their convertible debentures are covered by the rule enunciated in *Hoff* would not help plaintiffs, since *Hoff* deter-

1. The corporate defendants are Canberra Management Corp., North American Car Corp., The Flying Tiger Corp., American Export Industries, Inc., and National Equipment Rental, Ltd. There are also 24 individual defendants who are officers and directors of the various corporations.

2. The moving parties are NER, North American Car Corp., The Flying Tiger Corp., and Canberra Management Corp. and the individual defendants denominated the Canberra Group by the complaint.

3. Defendants move to dismiss on the additional grounds that no demand has been made on the trustee by the debenture holders as required by the indenture covering the debentures or on the board of directors of NER or excuse given for failure to make such demand. Our dis-

position of the standing question makes discussion of these grounds unnecessary.

4. In Chemical Fund, Inc. v. Xerox Corp., 377 F.2d 107, 110 (2d Cir. 1967), the Court of Appeals said:

"Under the definition in section 3(a) (11) [of the Securities Exchange Act of of 1934] it is apparent that a Convertible Debenture is an 'equity security' only because of its convertible nature.

. . .

"Thus the question is: are the Debentures by themselves a 'class of any equity security,' or does the class consist of the common stock augmented, as to any beneficial holder in question, by the number of shares into which the Debentures it owns are convertible? We think that the Debentures are not a class by themselves."

mined standing under the Securities Exchange Act of 1934 and plaintiffs, unlike the debenture holders in *Hoff* and *Weitzen,* are not suing under that Act. In *Hoff,* Judge Frankel observed, "it is appropriate in cases involving Rule 23.1 to look to the underlying substantive law for a definition of 'shareholder'". 52 F.R.D. at 247. Jurisdiction here is founded on diversity of citizenship and the underlying substantive law is state law, and in diversity cases shareholder status is determined by state law. *See* Entel v. Guilden, 223 F.Supp. 129, 131 (S.D.N.Y.1963). Accordingly, plaintiffs' reliance on the '34 Federal Act is misplaced in the circumstances.

It is, therefore, necessary to turn to the questions of what state law applies and whether convertible debenture holders are shareholders under that state law.

█ Both parties assume that, if federal law is not controlling, New York law governs the issue of capacity to sue. However, although under the law of many states the law of the forum controls on this question, federal courts have looked to the law of the state of incorporation (in this case, Delaware) to determine status as a shareholder. *See, e. g.,* Hausman v. Buckley, 299 F.2d 696, 703 (2d Cir. 1962) (dictum); Gallup v. Caldwell, 120 F.2d 90, 93 (3d Cir. 1941); Rosenfeld v. Schwitzer Corp., 251 F.Supp. 758, 761 (S.D.N.Y.1966); Lowell Wiper Supply Co. v. The Helen Shop, Inc., 235 F.Supp. 640, 643 (S.D. N.Y.1964); Bankers National Corp. v. Barr, 7 F.R.D. 305, 307 (S.D.N.Y.1945). But whether New York law or Delaware law is applied, the result here is the same: Plaintiffs are not shareholders of NER.

Undeniably, in some instances it is difficult to determine whether a certain type of security is debt or equity. See

Tomlinson v. 1661 Corporation, 377 F.2d 291 (5th Cir. 1967). If the debentures here were convertible into NER shares, the question of whether plaintiffs can sue on behalf of NER would be a far closer one even though normally "ownership of a convertible debenture does not give the holder rights of a shareholder." Commentaries on Model Debenture Indenture Provisions, American Bar Foundation (1968) at 531–32. Here, however, as noted above, convertibility makes plaintiffs potential Export, not NER shareholders. As to NER they are simple debenture holders, subject to the most classic bond provisions: an indenture, a trustee, a fixed maturity date and interest rate, a sinking fund for redemption and the right to enforce the payment of interest and principal.[5] The conclusion is inescapable that plaintiffs are only creditors of NER, and not shareholders.

██ We come to plaintiffs' contention that as creditors they are entitled to sue on behalf of the corporation. Plaintiffs have cited no case or statute in New York and we have found none in either New York or Delaware which allows creditors to sue derivatively on behalf of the debtor corporation. The relevant provisions in both states speak in terms of shareholders. N.Y. Business Corporation Law §§ 626, 720 (McKinney's Consol.Laws, c. 4, 1963), Del. General Corporation Law § 327 (Title 8, Del.Code Ann., Supp.1968). The fact that among the plethora of derivative suits brought over the generations none even discuss the issue reflects the obviousness of the proposition that the right to sue derivatively is an attribute of ownership, justified on the theory that the plaintiff in such a suit seeks to recover what belongs to the corporation, because as a co-owner, it also belongs to him. A creditor's interest, on the other

5. See Tomlinson v. 1661 Corp., 377 F.2d 291, 296 n. 9 (5th Cir. 1967), quoting O. H. Kruse Grain & Milling v. Commissioner of Internal Revenue, 279 F.2d 123, 125–126 (9th Cir. 1960), for a discussion of the characteristics which distinguish debt and equity securities.

hand, is limited to ensuring the corporation's continuing ability to pay him what it owes, an ability which is not in question here.

Accordingly, for the reasons stated above, defendants' motion to dismiss the complaint for lack of standing to sue is granted.

It is so ordered.