**Hugo BROOKS, et al., Plaintiffs,**

v.

**LAND DRILLING COMPANY, etc., et al., Defendants.**

**Civ. A. No. 82–K–895.**

United States District Court,
D. Colorado.

June 8, 1983.

Clifford L. Neuman, Boulder, Colo., for plaintiffs.

James E. Brown, Grant, McHendrie, Haines & Crouse, P.C., Denver, Colo., for Land Drilling Co.

Wiley E. Mayne, Holland & Hart, Denver, Colo., for Energy Capital Development Corp.

James R. Everson, Rothgerber, Appel & Powers, Denver, Colo., for defendants Pate & McKinney.

Michael Grove, Broomfield, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Defendant Energy Capital Development Corporation has filed a motion to dismiss or for summary judgment on plaintiffs' additional claims added by amendment to the complaint on March 4, 1983. The amendment added a ninth claim for relief (third party beneficiary contract), a tenth claim (breach of fiduciary duty-shareholders), an eleventh claim (derivative claim) and a twelfth claim for relief (securities act violation). ECDC's motion is directed only to the ninth, eleventh, and twelfth claims. The amended complaint alleges claims based on violations of federal and state securities acts. Jurisdiction is invoked under the Securities Act of 1933, 15 U.S.C. § 77a *et seq.,* 15 U.S.C. § 77v, The Securities Exchange Act of 1934, 15 U.S.C. § 78 *et seq.,* 15 U.S.C. § 78aa, and the doctrine of pendent jurisdiction for related state claims.

The individual plaintiffs are residents of Colorado, Texas and California. The corporate plaintiff is a resident of New Jersey. All plaintiffs are purchasers and owners of shares of defendant Land Drilling Company. Defendant Land Drilling is a Colorado corporation with its principal place of business in Texas; defendant ECDC is organized under the laws of the State of Delaware and is authorized to do business in Colorado. The individual defendants are residents of Texas and Colorado. The corporate plaintiff is a resident of New Jersey.

All plaintiffs are purchasers and owners of shares of defendant Land Drilling Company. Defendant Land Drilling is a Colorado corporation with its principal place of business in Texas; defendant ECDC is organized under the laws of the State of Delaware and is authorized to do business in Colorado. The individual defendants are residents of Texas and Colorado. The complaint alleges that defendant Land Drilling offered to sell and sold securities in the form of its authorized common stock beginning January 13, 1981. This stock was sold in numerous states including Colorado, Texas and California. Plaintiffs purchased the stock between January 13, 1981 and April 1, 1981. The complaint avers that the sales of these securities were effected through oral and written communications and the use of mails in interstate commerce. The amended complaint alleges that various manipulative or deceptive devices were used by defendants and that the communications by which the sales were effective contained untrue statements of material facts or omitted material facts. Reasonably relying on these misstatements, acts and omissions, plaintiffs purchased the stock. Defendants Pate, Pate, Grove, McKinney and ECDC, plaintiffs contend, are or were directors, officers, promoters, sponsors, organizers or otherwise controlling persons of defendant Land Drilling and are held jointly and severally liable by plaintiffs for the allegedly fraudulent and deceptive practices.

The amendment to the complaint which adds the four new claims relates to a contemplated merger in which shareholders of Land Drilling Company would exchange their Land Drilling shares for ECDC shares held by a newly formed subsidiary of ECDC. The three challenged claims are based on theories that the shareholders of Land Drilling were third party beneficiaries of the merger agreement, that the shareholders may bring a claim derivatively on behalf of Land Drilling for enforcement of the agreement of merger, and that the failure of the defendants to complete the merger constituted a manipulative device actionable under Rule 10b–5. The merger agreement provided for the merger of Land Drilling with ECDC Merger Corporation,

the wholly-owned subsidiary of ECDC. Land Drilling would be the surviving corporation. The proposed merger was never submitted to shareholders of either company for approval because by agreement of the board of directors of both Land Drilling and ECDC Merger, the agreement was rescinded and the contemplated merger never effected.

## THE THIRD PARTY BENEFICIARY QUESTION

Plaintiffs advance that because they were the intended beneficiaries of the proposed merger, their rights have vested and may not be modified or waived by the parties to the agreement without the assent of the beneficiary. Defendants argue that because the agreement was rescinded, there is no contract upon which plaintiffs may base a claim of right and that plaintiffs were neither intended nor incidental beneficiaries of the proposed merger agreement.

 The right of a third party to sue on a contract made for his benefit requires that the right be apparent from the express provisions of the contract. The benefit cannot be incidental but must be direct. The intended beneficiary is not a party to the contract but may enforce contractual obligations. *Gallagher v. Continental Ins. Co.,* 502 F.2d 827 (10th Cir.1974); *Jett v. Phillips & Assoc.,* 439 F.2d 987 (10th Cir.1971); *Cox v. Freemont County Public Bldg. Authority,* 415 F.2d 882 (10th Cir.1969); *Fourth & Main Co. v. Joslin Dry Goods Co.,* 648 P.2d 178 (Colo.App.1982); *Cripple Creek State Bank v. Rollestone,* 70 Colo. 434, 202 P. 115 (1921). An incidental beneficiary is a person who will be benefited by performance of a promise but who is neither a promisee nor an intended beneficiary. *Id.;* Restatement of Contracts (Second) § 315. There is no language in the merger agreement, no express recitation on the face of the document, that the shareholders of Land Drilling were intended beneficiaries of this contract. Plaintiffs can be no more than incidental beneficiaries and as § 315 states:

An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee.

Plaintiffs further argue that under Restatement of Contracts (Second), § 311 the parties to the agreement are estopped from rescinding the contract without plaintiffs' consent. Section 311 says in pertinent part:

(3) Such a power [to discharge or modify a duty to an intended beneficiary] terminates when the beneficiary, before he receives notification of the discharge, or modification, materially changes his position in justifiable reliance on the promise or brings suit on it or manifests assent to it at the request of the promisor or promisee.

Plaintiffs have not specified how they justifiably relied on this agreement, how they materially changed their position or manifested their assent to the agreement. According to their own pleadings, plaintiffs were not aware of the contemplated merger nor the merger agreement until after commencement of this action.[1]

Because they were not intended beneficiaries of the merger agreement and can show no reliance on the agreement, change in position or assent, plaintiffs' ninth claim for relief is dismissed. Plaintiffs' argument that there were numerous material issues of fact precluding summary judgment on this claim is rejected. As a matter of law, plaintiffs have no standing to bring this claim.

## THE DERIVATIVE ACTION QUESTION

Defendant has moved to dismiss or for summary judgment on plaintiffs' eleventh claim brought under Rule 23.1, F.R.Civ.P. as shareholders' derivative action. Defendant contends that (1) this damage claim is a claim of the shareholders, not of the corporation and (2) plaintiffs have failed to comply with the procedural requirements of the rule.

█ The recognized purpose behind Rule 23.1 is to avoid multiplicity of suits against corporations by individual shareholders or small groups of shareholders. The rule is also designed to permit claimants with a small loss to assert valid claims which they could not otherwise afford to litigate. *Oppenlander v. Standard Oil Company (Indiana),* 64 F.R.D. 597, 614 (D.Colo. 1974). Derivative actions represent prosecutions belonging not to individual shareholders, but to the corporations on whose behalf the suit is brought. Derivative suits are suits brought by the shareholders of a corporation in order to obtain relief for an alleged wrong committed against the corporation. *Dowd v. Front Range Mines, Inc.,* 242 F.Supp. 591 (D.Colo.1965); *In re Penn Central Securities Litigation,* 335 F.Supp. 1026 (E.D.Pa.1971). A shareholder derivative action is a device to be used only when it is clear that the corporation will not act to redress the alleged injury to itself. *Lerman v. ITB Management Corp.,* 58 F.R.D. 153 (D.C.Mass.1973). The plaintiff stockholders in a derivative action must fairly and adequately represent the interest of the other shareholders similarly situated. Plaintiff in a derivative suit must maintain his status as a shareholder through out the pendency of the lawsuit. The action will abate if plaintiff loses his status before the end of the litigation. *Portnoy v. Kawecki Beryico Industries, Inc.,* 607 F.2d 765 (7th Cir.1979); *GA Enterprises, Inc. v. Leisure Living Communities, Inc.,* 66 F.R.D. 123 (D.C.Mass.1974), aff'd 517 F.2d 24 (1st Cir. 1975). The right to sue derivatively on behalf of the corporation is an attribute of ownership. The right is justified on the theory that plaintiff seeks to recover what belongs to the corporation because, as co-owner, it belongs to him also. *Brooks v. Weiser,* 57 F.R.D. 491 (D.C.N.Y.1972).

█ Plaintiffs' eleventh claim is based on breach of fiduciary duty by the corporate directors to Land Drilling Company particularly "by failing to perform under said merger agreement and by failing to raise needed capital in the public markets." (¶ 73

---

1. Plaintiffs have additionally challenged the lack of consideration in the rescission of the contract. Not being a party to the contract, plaintiffs have no standing to contest the adequacy of consideration but if there were standing, I would find an adequacy of consideration due to a surrender of rights by both the promisor and the promisee under the contract.

of the amendments to the complaint). I disagree with defendant's argument that this cause of action is individual and not a claim of the corporation. An individual cause of action would exist only if the injury to the shareholder were personal to the shareholder and not incidental to an injury to the corporation.

> Where there is an injury to the corporation and its whole body of shareholders, the cause of action should be prosecuted by the corporation itself or by the shareholders derivatively if the corporation fails to act.

*Von Brimer v. Whirlpool Corp.,* 367 F.Supp. 740, 744 (D.C.Cal.1973), aff'd in part, rev'd in part and remanded on other grounds, 536 F.2d 838 (9th Cir.1976). Plaintiffs contend that the merger was imperative if Land Drilling Company was to survive. Obviously, the rescission of the merger affected the corporation "and its whole body of shareholders."

The more critical issue of dismissal or retention of the eleventh claim for relief is the procedural requirement of Rule 23.1 which mandates a demand on the directors before the institution of a derivative action. Rule 23.1 provides in pertinent part:

> In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege (1) that the plaintiff was a shareholder or member at the time of the transaction of which he complains or that his share or membership thereafter devolved on him by operation of law, and (2) that the action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have. *The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons*

*for his failure to obtain the action or for not making the effort.* (emphasis provided)

Neither the complaint, the amended complaint nor the amendments to the complaint allege with particularity the efforts plaintiffs have made nor their reasons for failing to make the effort other than the statement that "Any demand upon the Defendant Land Drilling Company to bring this action in its own behalf would be futile." (¶ 74 of the amendments to the complaint).[2]

▮ Federal courts must look to state law to determine whether a demand by the stockholders is necessary before a derivative action may be maintained on behalf of the corporation. *Brody v. Chemical Bank,* 482 F.2d 1111, 1114 (2nd Cir.1973), cert. denied, 414 U.S. 1104, 94 S.Ct. 737, 38 L.Ed.2d 559; *Jones v. Equitable Life Insurance Society of the United States,* 409 F.Supp. 370 (D.C.N.Y.1975); *Oldfield v. Alston,* 77 F.R.D. 735 (D.C.Ga.1978). C.R. Civ.P. 23.1 is identical to F.R.Civ.P. 23.1 and the demand requirement has been interpreted, like its counterpart in the federal courts, to be mandatory. *Bell v. Arnold,* 175 Colo. 277, 487 P.2d 545 (1971); *Smith v. Bulkley,* 18 Colo.App. 227, 70 P. 958 (Colo. App.1902).

> Where it is obvious from the face of the complaint that the requisite demand upon shareholders was not made and no explanation for the lack of demand is offered, an action by the shareholder will not lie.

*Van Schaack v. Phipps,* 38 Colo.App. 140, 558 P.2d 581, 585 (1976). It is generally understood, however, that the demand need not be made if such demand would be futile or upon directors allegedly involved as wrongdoers. *Bell v. Arnold,* 487 P.2d at 547; *Rude v. Wagman,* 71 Colo. 499, 207 P. 992 (1922). Federal courts have generally been lenient in excusing demand. *deHaas v. Empire Petroleum Co.,* 435 F.2d 1223 (10th Cir.1970) citing, *Meltzer v. Atlantic Research Corp.,* 330 F.2d 946 (4th Cir.1964). The directors and controlling shareholders of ECDC are, or were at the time of the

---

**2.** Because Land Drilling is in bankruptcy, the required demand must be made on the trustee.

*Zeleznik v. Grand Riviera Theater Co.,* 128 F.2d 533, 536 (6th Cir.1942).

rescission of the merger agreement, also directors of Land Drilling Company, the business arrangements between the directors of ECDC were extensive and their business dealings and decisions which affected Land Drilling are such as to preclude the granting of a motion to dismiss or, alternatively, for summary judgment.

> Where the fact of the futility of a shareholder demand is placed in issue by the depositions and exhibits in the court file, it is error to grant summary judgment on the ground that plaintiff's complaint fails to allege the demand for shareholder relief required by C.R.C.P. 23.1.

*Van Schaack v. Phipps,* 558 P.2d at 586. The motion to dismiss or for summary judgment on plaintiffs' eleventh claim for relief is denied.

## THE SECURITIES VIOLATION CLAIM

■ Defendant has also moved to dismiss or for summary judgment on plaintiffs' twelfth claim for relief added by amendment March 4, 1983 and argues that plaintiffs have no cause of action under § 10 of the Securities Act of 1934, 15 U.S.C. § 78j(b), and the regulations promulgated thereunder because there was no purchase or sale of securities in this transaction. Plaintiffs counter by citing authority to support their position that a merger agreement involving the sale or exchange of one or more corporation's securities falls within the meaning of "in connection with" a purchase or sale of a security under § 10. The parties agree that no merger actually took place in the instant action.

■ It is unquestioned that the protections and intent of § 10 extend only to the purchasers and sellers of securities. *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975); *Birnbaum v. Newport Steel Corp.,* 193 F.2d 461 (2nd Cir.) *cert. denied,* 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952). The words "purchase or sale" and "in connection with" a purchase and sale of securities are to be broadly interpreted. *Tcherepnin v. Knight,* 389 U.S. 332, 88 S.Ct. 548, 549, 19 L.Ed.2d 564 (1963); *Clark v. United Bank of Denver, N.A.,* 480 F.2d 235 (10th Cir.1973). The Tenth Circuit has estab-

lished that exchange of shares which occurs as the result of a merger falls within these definitions. *Knauff v. Utah Construction & Mining Co.,* 408 F.2d 958 (10th Cir.1969), *cert. denied,* 396 U.S. 831, 90 S.Ct. 83, 24 L.Ed.2d 81 (1969). Other courts are in accord. *SEC v. National Securities, Inc.,* 393 U.S. 453, 464–68, 89 S.Ct. 564, 570–572, 573, 21 L.Ed.2d 668 (1969); *Mader v. Armel,* 402 F.2d 158, 159–61 (6th Cir.1968), *cert. denied,* 394 U.S. 930, 89 S.Ct. 1188, 22 L.Ed.2d 459 (1969); *Dasho v. Susquehanna Corp.,* 380 F.2d 262, 266 (7th Cir.) *cert denied sub nom. Bard v. Dasho,* 389 U.S. 977, 88 S.Ct. 480, 19 L.Ed.2d 470 (1967); *Vine v. Beneficial Finance Co.,* 374 F.2d 627, 635 (2nd Cir.), *cert. denied,* 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed.2d 460 (1967); *Gould v. American Hawaiian SS Co.,* 319 F.Supp. 795, 801, n. 11 (D.Del.1970); *Harriman v. E.I. Du Pont de Nemours & Co.,* 411 F.Supp. 133 (D.Del. 1975).

The terms "buy" and "purchase" and "sale" and "sell" are statutorily defined in the 1934 Act to include *any contract* to buy or sell. Sections 3(a)(13) and (14) of the 1934 Act, 15 U.S.C. § 78c(a)(13) and (14). The merger agreement was clearly a contract "in connection with" the purchase and sale of securities. Had the merger gone through as originally contemplated by Land Drilling and ECDC Merger, plaintiffs would have been forced to "sell" or exchange their shares in Land Drilling for those of the surviving corporation. *See, Crane Co. v. Westinghouse Air Brake Co.,* 419 F.2d 787, 794 (2nd Cir.1969) *cert. denied,* 400 U.S. 822, 91 S.Ct. 41, 27 L.Ed.2d 50 (1970) and *Vine v. Beneficial Finance Co., supra.* The allegations in plaintiffs' twelfth claim are within the definition of "purchase or sale" of a security. As the Second Circuit stated in *A.T. Brod & Co. v. Perlow,* 375 F.2d 393, 397 (1967):

> [We do not] think it sound to dismiss a complaint merely because the alleged scheme does not involve the type of fraud that is 'usually associated with the sale and purchase of securities.' We believe that § 10(b) and Rule 10b–5 prohibit *all* fraudulent schemes in connection with the purchase or sale of securities, whether

the artifices employed involve a garden type variety of fraud, or present a unique form of deception. Novel or atypical methods should not provide immunity from the securities laws.

Nor should the alleged wrongdoers escape liability by arguing that a merger which affects a purchase and sale if it had been consummated, is not within the protections of § 10 only because the merger was rescinded. Accord, *Davis v. Davis*, 526 F.2d 1286 (5th Cir.1976); *Walling v. Beverly Enterprises*, 476 F.2d 393 (9th Cir.1973); *Herpich v. Wallace*, 430 F.2d 792 (5th Cir.1970).

It is, therefore,

ORDERED that the motion to dismiss and/or for summary judgment is granted as to the ninth claim for relief (third party beneficiary contract) and is denied as to the eleventh claim (derivative claim) and the twelfth claim for relief (securities act violation).